UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTIN MARIETTA MATERIALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0825-DFH-TAB |
| | ) | |
| JAMES BRAINARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The parties appeared by counsel on December 13, 2006 for a telephonic status conference to address various matters, including Defendants' motion for a protective order. [Docket No. 112.] The Court heard argument on this motion, which seeks a protective order "prohibiting the Plaintiff from directing certain discovery to the Defendants until this Court has resolved questions relating to qualified immunity." [Docket No. 112, p. 1.] Plaintiff opposes the motion.

It is well settled that qualified immunity is an immunity from suit, not merely a defense from liability. *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985). The immunity recognizes that permitting damages suits against government officials can entail substantial costs and inhibit officials in the discharge of their duties. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Thus, the U.S. Supreme Court has characterized the applicability of a qualified immunity defense as a threshold matter that should be resolved before permitting the full range of discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In the present case, however, the Defendants face numerous obstacles in their quest to use qualified immunity to shield themselves from discovery. First, this action has been pending

since May 23, 2006, and Defendants have yet to file any motion seeking dismissal based upon qualified immunity. Perhaps there are good reasons for this apparent delay in affirmatively asserting this defense by way of motion. However, Defendants' failure to promptly tee up this issue invites conjecture as to the viability of the qualified immunity defense.

Similarly, Defendants' motion for a protective order is the first time that the Court became aware of the asserted need for a limited stay of discovery. As the Plaintiff pointed out in its brief, "The parties appeared at two hearings before the Court, including a scheduling conference, and defendants never raised the issue of a stay of discovery." [Docket No. 118, p. 10.] The Case Management Plan tendered by the parties and approved by the Court contemplated that discovery would proceed without any limitation or restriction based on qualified immunity. [Docket Nos. 26, 32.] In fact, when Plaintiff's initial discovery responses were due after 30 days, Defendants requested (and received) a 30-day enlargement from the Plaintiff to provide discovery responses, apparently without mentioning Defendants were contemplating requesting a discovery stay. [Docket No. 118, p. 1.][1]

Moreover, application of the qualified immunity defense is questionable. Indeed, Plaintiff's brief in response to Defendants' motion for protective order goes to great lengths to set forth facts – some of which it claims are undisputed – that Plaintiff contends undermine qualified immunity. For example, Plaintiff asserts that Carmel Mayor James Brainard had illegal *ex parte* contacts with staff of the Carmel Board of Zoning Appeals ("BZA"), thereby influencing the Carmel Department of Community Services to alter its report against the

---

[1]To date, Defendants have not responded to Plaintiff's discovery. Instead, Defendants simply moved for the protective order giving rise to the instant discovery dispute.

Plaintiff's application. [Docket No. 111, pp. 3-9.] Plaintiff contends that facts such as these in the record "support a finding that its constitutional rights to a fair and impartial hearing have been violated by the Mayor and BZA." [Docket No. 118, p. 10.] Defendants' reply brief [Docket No. 125] does not point the Court to other facts that might better support application of qualified immunity, which of course only applies if government officials' conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

But even if qualified immunity were a viable defense, Defendants' overbroad protective order nevertheless would be suspect. As Plaintiff points out, a number of Plaintiff's discovery requests "relate solely to Martin Marietta's claim that the City breached the Hazel Dell Parkway agreement in Count II of plaintiffs' [sic] Complaint." [Docket No. 118, p. 2]. Likewise, discovery that is probative of Plaintiff's § 1983 claim against the individual Defendants – and thus potentially off limits by way of qualified immunity – is also probative of Plaintiff's appeal, pursuant to *Ind. Code* § 36-7-4-1003, of the BZA's denial of Plaintiff's Mueller South Stone Application in Count IV of its complaint. Thus, discovery on these claims would proceed irrespective of the qualified immunity defense.

As noted during the December 13 status conference, the Court is not definitively concluding that qualified immunity provides Defendants no cover from Plaintiff's discovery requests. Rather, the question before the Court is whether Defendants' motion for protective order should be granted. The answer to that question is no. Defendants must provide meaningful responses to Plaintiff's discovery, rather than make a near-blanket assertion of qualified immunity. A meaningful response includes providing written discovery responses to

the Plaintiff; responding to discovery requests that are outside the reach of qualified immunity; specifically asserting qualified immunity as may be appropriate in particular, limited contexts; and working with opposing counsel in good faith to resolve any remaining discovery disputes. After this process, the Magistrate Judge will entertain additional argument on this discovery issue as may be needed.  However, any refinement of the proper discovery scope will be conducted with due regard for the matters outlined in this entry.

    For these reasons, Defendants' motion for protective order [Docket No. 112] is denied.

    Dated: 12/19/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Bryan Harold Babb
BOSE MCKINNEY & EVANS, LLP
bbabb@boselaw.com

Abigail B. Cella
ICE MILLER LLP
abby.cella@icemiller.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

John Raymond Molitor
jmolitor@prodigy.net

Robert A. Parrish
BOSE MCKINNEY & EVANS, LLP
rparrish@boselaw.com

H. Wayne Phears
PHEARS & MOLDOVAN
wphears@pmlawfirm.com

Alan S. Townsend
BOSE MCKINNEY & EVANS LLP
atownsend@boselaw.com

Zeff A. Weiss
ICE MILLER LLP
weiss@icemiller.com